United States District Court
Southern District of Texas
**ENTERED**
March 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DONG SHENG HUANG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-269 |
| § | |
| JALEA JOECHELLE HILL, *et al*, § | |
| § | |
| Defendants. § | |

## **ORDER**

Plaintiff, Dong Sheng Huang, filed this lawsuit in September 2015, alleging that he was unlawfully arrested after visiting a Murphy Oil gas station in La Marque, Texas. Huang sued Murphy Oil, two Murphy Oil employees (Hill and Williams), and various state actors, law enforcement officers, and agents. Murphy Oil, Hill, and Williams each asserted cross-claims against the state actors, law enforcement officers, and agents.

After successive amended complaints and motions to dismiss were filed, on January 6, 2017, this Court granted the motions to dismiss filed by Defendants Chief Aragon, Officer Michael Kelemen, Officer Richard Dricks, the City of La Marque, and Christina Balvantin. Murphy Oil, Hill, and Williams then withdrew their cross-claims against these Defendants, but reserved the right to name them as Responsible Third Parties under Texas law.

The Court then issued a new docket control order, putting into place deadlines that had been agreed to by Huang, Murphy Oil, Hill, and Williams. Dkt. 104, 106. Trial in this case is now set for August 18, 2017—approximately six months from now.

Huang's live complaint alleges that Hill and Williams procured his arrest for criminal trespass by intentionally providing false information to police officers and 911 operators. He brings claims under Texas law against Hill and Williams for false imprisonment and malicious prosecution, and he alleges that Murphy Oil, their employer, is also liable under principles of respondeat superior. Huang seeks compensatory damages, including mental anguish, and punitive damages.

Now, Murphy Oil, Hill, and Williams ask that this Court decline to exercise supplemental jurisdiction over Huang's claims against them. Dkt. 105. Murphy Oil, Hill, and Williams argue that this case "has expended little federal judicial resources" and has "essentially remained dormant." Further, they contend that there is no indication that this Court has become "intimately familiar with any of the state law claims made by the Plaintiff in that same have not been subject to any ruling or examination by the Court to date." Additionally, they assure the Court there would be little "inconvenience on the parties." Huang is opposed to the motion.

## ANALYSIS

In deciding whether to retain jurisdiction over pendent state law claims, the Fifth Circuit has instructed district courts to consider the factors set out in 28 U.S.C. § 1367(c), as well the common law factors of judicial economy, convenience, fairness, and comity—with no singular factor being dispositive. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

Section 1367(c) states that a district court "may" decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law, (2)

the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). As a general rule, the court should dismiss state claims if the federal claims to which they are pendent are dismissed. *Enochs*, 641 F.3d at 161. Under applicable Fifth Circuit law, the court should also consider the length of time a matter has been pending in federal court, whether discovery had been completed, and whether the district court judge had substantial familiarity with the merits of case. *Brookshire Bros. Holding v. DayCo Prods., Inc.*, 554 F.3d 595, 603 (5th Cir. 2009).

So, the Court now turns to Section 1367(c). The first factor weighs in favor of retention, as even the Defendants here concede that this case does not appear to present any novel or complex issues of state law. *See, e.g., Wilson v. Tregre,* 787 F.3d 322, 326 (5th Cir. 2015) (finding that the district court did not abuse its discretion in exercising supplemental jurisdiction over state law whistleblower claims after dismissing plaintiff's First Amendment claims, "because Wilson's state-law claims were neither novel nor complex"). The second factor appears to weigh in favor of dismissal, because state law issues do "substantially predominate" in Huang's malicious prosecution and false imprisonment claims, but the Court also notes that Defendants themselves have pointed to the law enforcement officers who arrested and prosecuted Huang as Responsible Third Parties under Texas law—claims which implicate Fourth Amendment and other constitutional rights. The third factor also appears to weigh in favor of dismissal, since

the Court has dismissed the Section 1983 claims against the law enforcement officers and agents.  However, the Court also notes here that Murphy Oil is not a Texas corporation, and, if Huang dismisses his claims against Hill and Williams, or if the Court finds that those claims are effectively claims against their employer, then Huang's claims might sound in diversity. Next, the Court turns to the fourth factor, *i.e.*, whether there are other compelling reasons for declining jurisdiction. The Court finds there are not.

In fact, when the Court considers the additional common law factors of "judicial economy, convenience, fairness, and comity," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), the Court finds that it should retain supplemental jurisdiction over this case.  First, although Defendants now seek to minimize its importance, discovery has been underway for some time in this 2015 case. In October 2016, Defendants Murphy Oil, Hill and Williams themselves propounded written discovery to Huang in the form of Interrogatories and Requests for Production.  Significantly, these Defendants also asked this Court for partial summary judgment in their favor on the statute of limitations for Huang's malicious prosecution claims against them, although they subsequently second-guessed their argument and sought to withdraw the motion before the Court denied it as a matter of law.

Finally, this Court is well familiar with the allegations raised by Mr. Huang, who is appearing *pro se* and *in forma pauperis*, regarding the events on the night of his arrest. In light of this familiarity, as well as the procedural posture of the case, and in light of the pending trial date, the Court will exercise its considerable discretion in this matter, and it

will retain jurisdiction over Huang's claims against the remaining Defendants in this case.

Accordingly, Defendant's motion, Dkt. 105, is **DENIED**.

SIGNED at Galveston, Texas, this 21st day of March, 2017.

_____
George C. Hanks Jr.
United States District Judge